**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**DAVID HAROLD EILOLA,**

**Petitioner**

**v. CIVIL ACTION NO. 2:08-991**

**TERESA WAID, Warden,
Huttonsville Correctional Center,**

**Respondent**

**MEMORANDUM OPINION AND ORDER**

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed August 13, 2008.

This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on August 26, 2008, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). On September 8, 2008, the petitioner filed objections to the PF&R, and on September 16, 2008, and November 25, 2008, he filed documents titled as updates.

The magistrate judge recommends that this action be dismissed without prejudice inasmuch as the petitioner's claims

**have not been properly exhausted in the state court. Petitioner objects, setting forth in his objection the same facts and grounds in support of his petition as are contained in the petition itself. These arguments were adequately addressed and correctly resolved by the magistrate judge in her PF&R.**

**In the updates, petitioner notes that since the entry of the PF&R on August 26, 2008, the following has occurred: (1) On September 4, 2008, the Supreme Court of West Virginia responded to a letter-form motion by the plaintiff for an extension of time within which to file his petition for appeal and remanded the case to the circuit court for resentencing for the purpose of appeal. (2) On September 8, 2008, counsel in the state action filed a petition for appeal, which the petitioner seeks to amend. (3) On October 6, 2008, the circuit court resentenced the plaintiff for the purpose of appeal and dismissed his appointed counsel but directed counsel to file the amended petition for appeal. (4) The amended petition for appeal has not yet been filed. Petitioner is now proceeding pro se in the state action. In his update filed on November 25, 2008, he asks this court to appoint counsel for him in the state action, which request is denied inasmuch as this court is without authority to**

do so. These additional facts do not change the circumstances that the petitioner has yet to exhaust his remedies with the state court. As noted by the magistrate judge in her PF&R, "[f]ederal courts do not simply step in and take over a State case . . . . Petitioner must complete his State litigation and then, and only then, present his properly exhausted Federal constitutional claims to this court."

The court, accordingly, **ORDERS** as follows:

1. The PF&R be, and it hereby is, adopted by the court and incorporated herein; and
2. This action be, and it hereby is, dismissed without prejudice and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to the pro se petitioner, all counsel of record, and the United States Magistrate Judge.

DATED: December 10, 2008

John T. Copenhaver, Jr.
United States District Judge